```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/27/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN ALLERTI,

    Plaintiff,

-against-

THE LAW FIRM OF ROY M. SPARBER,
LLC, ROY M. SPARBER,

    Defendants.

16-CV-01930 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Before the Court is a proposed settlement in a wage and hour action brought by plaintiff Carolyn Allerti against individual defendant Roy M. Sparber and corporate defendant, The Law Firm of Roy M. Sparber. Plaintiff alleges violations of the overtime, wage statement, and retaliation provisions of the Fair Labor Standards Act (FLSA) and the New York Labor Law.

Following a settlement conference conducted before me on June 5, 2017, the parties agreed to resolve their disputes. On June 6, 2017, the parties consented to my jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). (Dkt. No. 45.) On July 18, 2017, they submitted their proposed settlement agreement (Agreement) for approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016), along with a letter discussing the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). (Dkt. Nos. 49 through 49-1.)

The Agreement (Dkt. No. 49-1) requires defendants to pay a total of $55,000. Ag. ¶ 5. Out of that $55,000, plaintiffs' counsel will receive $16,450 in fees and out-of-pocket expenses, representing approximately 30% of the gross settlement payment. *Id.* ¶ 5(a)(iii). Plaintiffs have

also submitted their attorneys' billing records, showing that counsel spent a total of 99 hours on this case, and spent $880.33 on filing, service, and transcript fees. (Dkt. No. 49-3.)

Settlements that dismiss FLSA claims with prejudice require approval of the district court or the Department of Labor. *See Cheeks*, 796 F.3d at 206. Before a district court enters judgment in such a case, it must scrutinize the settlement to determine that it is "fair and reasonable." *Wolinsky*, 900 F. Supp. 2d at 335. In making that determination, the court must consider the totality of the circumstances, including but not limited to the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (citing *Medley v. Am. Cancer Soc.*, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

For the reasons that follow, I find that the Agreement in this action is fair and reasonable. Having supervised the parties' settlement conference, and having reviewed the parties' confidential *ex parte* letters, as well as the filings and procedural history of the case, I am satisfied with the fairness of the negotiations leading up to the settlement. I am also satisfied that the financial terms of the settlement are fair and reasonable when considered in light of the range of damages that plaintiff could reasonably hope to recover at trial, as well as the inherent time, cost, and risk savings for both sides in settling this case at this juncture. The Agreement's releases, which were negotiated by competent counsel, also appear fair and reasonable.

Finally, the amount allocated to attorneys' fees and costs, which together constitute less than one third of the gross settlement payment, are fair and reasonable in the context of this action. *See, e.g., Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("barring unusual circumstances," a fee "in excess of one-third of the settlement amount

disserves the FLSA's important interest in fairly compensating injured plaintiffs"). This Court's practice, even in non-class cases where the fee is one-third or less of the settlement amount, is to review counsel's billing records to ensure that a seemingly reasonable contingency agreement is not, in fact, unreasonable in light of any unusual circumstances or unique features of the case. *See, e.g., Zhang,* 2015 WL 5122530, at *2-4 (reviewing reasonableness of counsel's fee under both the lodestar and the percentage-of-recovery method); *Velasquez v. Safi-G, Inc.*, 137 F. Supp. 3d 582, 586 (S.D.N.Y. 2015) (rejecting one-third contingency fee as unreasonable where, among other things, little work was done prior to settlement and "nearly half" was done "after counsel had already been paid"). In this case, the billing records raised no such concerns.

Having found that the Agreement is fair and reasonable, as required by *Cheeks*, 796 F.3d at 206, the Court approves the parties' settlement. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs.

The Clerk of the Court is directed to close the case.

Dated: New York, New York
July 27, 2017

SO ORDERED.

_____
BARBARA MOSES
**United States Magistrate Judge**